

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 22, 1959

Mr. O. B. Ellis, Director
Texas Department of Corrections
Huntsville, Texas

Opinion No. WW-651

Re: Is it the obligation of
the Texas Department of
Corrections to reimburse
the various counties for
overnight lodging of pris-
oners en route to the
prison?

Dear Mr. Ellis:

You have requested an opinion of this office with
regard to questions arising out of the following situation:

The Texas Department of Corrections, in the
course of picking up prisoners from the various
county jails who are sentenced to the State Peni-
tentiary, has had occasion, in the course of
transporting such State prisoners to Huntsville,
to make overnight stops while en route and con-
fine the State prisoners in county jails.

The County Attorney of Taylor County has
requested you not to make overnight stops with
State prisoners at the Taylor County Jail in the
future unless the Texas Department of Corrections
reimburses the County for the expense of keeping
such prisoners.

As a result, you have asked the following questions:

"1. Is it the obligation of the prison to
reimburse the various counties for the overnight
lodging of prisoners en route to the prison?

"2. Would this be a just charge against
Item 114 in the General Appropriation Bill,
page 145?"

In considering your first question, we quote from

Article 6166r of Vernon's Annotated Texas Civil Statutes:

"The director shall make suitable pro-
vision and regulations for the safe and speedy
transportation of prisoners from counties where
sentenced to the State pentitentiary by the
sheriffs of such respective counties if such
sheriffs are willing to perform such services as
cheaply as said commission can have it done other-
wise. Said transportation shall be on State ac-
count . . ." (Emphasis ours).

This Statute, by implication, places the primary
duty of transporting State prisoners from the various counties
where held to the State Pentitentiary upon the Texas Department
of Corrections. If the sheriff of a county is willing to
transport a prisoner from his county to the State Penitentiary
as cheaply as the Department could do so, he may, but other-
wise the implication is that the Texas Department of Correc-
tions must make arrangements for such transportation.

We must now determine what was intended by the term
"transportation" as used in Article 6166r. Was it used in a
restrictive sense to mean only the cost of gasoline, oil,
tires and vehicle depreciation, train and bus fare? We think
not.

The prisoners in question are those sentenced to
the State Penitentiary, Huntsville, Texas. When they are
delivered into the custody of the Texas Department of Correc-
tions, at the respective counties where they are being held,
the Texas Department of Corrections becomes responsible for
them.

Article 6166t, Vernon's Annotated Texas Civil Sta-
tutes, makes the State responsible for the feeding of all
State prisoners. It does not limit that responsibility to
such time as they shall actually be confined at Huntsville,
Texas or one of the various labor farms operated by the Texas
Department of Corrections.

Although there is no specific statute using the
term housing, lodging or shelter with regard to State pris-
oners, it is self-evident that the operation of a State
Prison System of necessity contemplates the housing or lodg-
ing of State prisoners as a burden or responsibility of the
State.

Therefore, in our opinion the term "transportation" as used in Article 6166r, Vernon's Annotated Texas Civil Statutes, is used in a broad sense and includes not only the cost of gasoline, tires, oil, vehicle depreciation, train and bus fare, but also includes the additional expense involved while en route to the State Penitentiary, in providing or carrying out any of the other duties placed upon the State with regard to State prisoners in custody of the Texas Department of Corrections.

In view of the foregoing, it is further our opinion that the Texas Department of Corrections is obligated to reimburse the various counties for overnight lodging of prisoners en route to the prison, and your first question is answered in the affirmative.

In considering your second question, we quote from the appropriation to the Texas Department of Corrections in Item 114 of House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, page 1046:

> ". . . per diem of board members, travel expense, transportation of prisoners, rewards, . . ." (Emphasis ours).

We think it must necessarily follow from our opinion of the scope of the term "transportation" used in Article 6166r, Vernon's Annotated Texas Civil Statutes, that its use in the foregoing quotation is in the same sense.

Therefore, in our opinion, the reimbursement of a county for overnight lodging of prisoners en route to the prison would be a proper charge against Item 114 of House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, and your second question is answered in the affirmative.

## SUMMARY

The Texas Department of Corrections is obligated to reimburse the various counties for overnight lodging of prisoners en route to the prison;

such reimbursement would be
a proper charge against Item
114 of House Bill 133, Acts
of the 55th Legislature, Regular
Session, 1957.

Very truly yours,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
Assistant

WOS:mg

APPROVED:

OPINION COMMITTEE
C. K. Richards, Chairman

Marvin H. Brown, Jr.
C. K. Richards
J. Milton Richardson
Marvin R. Thomas, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert